UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE JOHNSON,** | ) |
| Plaintiff, | ) Case: 1:24-cv-00773 |
| v. | ) |
| **AMAZON.COM SERVICES, LLC,** | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, George Johnson ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Amazon.com Services, LLC, ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, George Johnson, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Amazon.com Services, LLC, was a foreign limited liability company doing business in and for Cook County whose address is 7001 Volmer Road, Matteson, IL 60443.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as an Associate from November 21, 2021, until his

unlawful termination on or around August 12, 2023.

12. Plaintiff suffers from a physical and mental impairment that substantially limits one or more major life activities.

13. Plaintiff suffers from Generalized Anxiety Disorder which manifests in symptoms including but not limited to insomnia.

14. Regardless of Plaintiff's disability, Plaintiff performed or could of performed the essential functions of the job with or without accommodations.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. In July of 2023, the insomnia Plaintiff suffered as a result of his disability began endangering his quality of life and impacting his ability to work.

17. As such, Plaintiff worked with Defendant's Human Resources (HR) Representative, Tanya (LNU) to in order to requested reasonable accommodations in the form of medical leave to seek treatment for complications arising from his disability.

18. Tanya informed Plaintiff that he was required to submit medical documentation within twenty-two (22) calendar days.

19. Plaintiff complied diligently and submitted medical documentation on the fourteenth day before the deadline.

20. However, Plaintiff received no response from Defendant's HR that his documentation had been received, processed, reviewed, or engaged with by Defendant in any way.

21. Plaintiff returned back to work on or around August 3, 2023, per his doctor's release.

22. Just days later, on August 12, 2023, Plaintiff was notified via email that he had been terminated for absences acquired while Plaintiff utilized his reasonable accommodation of medical leave.

23. As such, Defendant effectively denied Plaintiff's request for reasonable accommodations and therefore did not engage with Plaintiff in the interactive process of determining appropriate accommodation as required by the ADA.

24. Ultimately, on or about August 12, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

25. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

26. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

27. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

28. Plaintiff met or exceeded performance expectations.

29. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

30. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

32. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

33. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

34. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

35. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

37. Plaintiff is a qualified individual with a disability.

38. Defendant was aware of the disability and the need for accommodations.

39. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

40. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

41. Defendant did not accommodate Plaintiff's disability.

42. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

43. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

45. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

46. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

47. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

48. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of January, 2024.

>	*/s/ Alexander J. Taylor*
>	**ALEXANDER J. TAYLOR, ESQ.**
>	*Counsel for Plaintiff*
>	**SULAIMAN LAW GROUP, LTD**
>	2500 South Highland Avenue, Suite 200
>	Lombard, IL 60148
>	Telephone: (331) 272-1942
>	Facsimile: (630) 575-8188
>	Email: ataylor@sulaimanlaw.com
>	*Attorney for Plaintiff*